CARTER, administrator, *v.* DARNELL.

An administrator does not lose possession of land or the right to expel an intruder by reason of having, previously to the intrusion complained of, caused the lands of his intestate to be partitioned in kind among the heirs-at-law, the parcel in controversy not having been taken possession of by the heir to whom it was assigned, and the administrator not having parted with his possession to any one, but on the contrary having made arrangements with a stranger to occupy the land as his tenant for the current year, and the intrusion consisting of an entry by the alleged intruder, when the administrator's tenant was about to enter and would have entered but for being excluded by the intruder.

July 30, 1894.                                        *Judgment reversed.*

Affidavit to eject intruder. Before Judge WELLBORN. Rabun superior court. August term, 1893.

W. J. Carter, as administrator of his father Thomas Carter, made affidavit to eject A. A. Darnell, as an intruder, from a house and parcel of land. Defendant made a counter-affidavit; the jury found in his favor, and plaintiff's motion for a new trial was overruled. The material ground of the motion is, that the court erred in charging the jury as follows: "If you believe from the evidence that the plaintiff petitioned the ordinary for a division of the lands of his father's estate in kind, and that commissioners were appointed for that purpose, and their report had been filed with the ordinary and recorded by him previously to the bringing of this suit, and that the commissioners so appointed allotted this land in dispute to the plaintiff's brother John or some one of the heirs, then I charge you that the title had passed out of the plaintiff and he could not recover in this action."

W. S. PARIS, by J. J. KIMSEY, for plaintiff.
W. F. FINDLEY, by W. C. GLENN, for defendant.